# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8815 | **DATE** | 12/10/2003 |
| **CASE TITLE** | IFC Credit Corp. vs. B. Braun Medical, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. Accordingly it would seem that IFC's counsel must provide more chapter-and-verse information than the Complaint now contains about the assertedly fraudulent activity on Braun's part. IFC's counsel are expected to provide that information well in advance of the January 26 status date by a filing in this Court's chambers.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 11 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/9/2003 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN | mailing deputy initials |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IFC CREDIT CORPORATION,           )
                                  )
                  Plaintiff,      )
                                  )
     v.                           )     No.  03 C 8815
                                  )
B. BRAUN MEDICAL, INC.,           )
                                  )
                  Defendant.      )

DOCKETED

DEC 1 1 2003

MEMORANDUM ORDER

IFC Credit Corporation ("IFC") has just filed a multicount
Complaint against B. Braun Medical, Inc. ("Braun"), properly
invoking federal jurisdiction on diversity of citizenship
grounds.  This memorandum order is issued sua sponte because of
one obvious pleading flaw in the Complaint that needs correction.

It is of course true that notice pleading is generally
required in federal litigation (see Fed. R. Civ. P. ("Rule")
8(a), adhered to by the uniform caselaw in that respect).  But
there is one exception to that general rule:  the particularity
requirement embodied in Rule 9(b), most specifically relating to
"the circumstances constituting fraud."

In this instance Complaint ¶21 describes some alleged
intentional misrepresentations by Braun, as well as its alleged
provision of false, altered or misleading information--things
that are typical components of a fraud claim.  And even though
Count I is advanced as sounding in breach of contract, while

Count II charges negligent misrepresentation,[1] Count III is framed in terms of consumer fraud.

Accordingly it would seem that IFC's counsel must provide more chapter-and-verse information than the Complaint now contains about the assertedly fraudulent activity on Braun's part. Because this Court has contemporaneously issued an order setting the initial status hearing date in this action for 9 a.m. January 26, 2004, IFC's counsel are expected to provide that information well in advance of that date by a filing in this Court's chambers (with a copy of course being transmitted contemporaneously to Braun or to its counsel, if known).

Milton I. Shadur
Senior United States District Judge

Date: December 10, 2003

---

[1] Despite that negligence label, Complaint ¶28 alleges in part that Braun's activities were "deliberately misleading." That too would appear to implicate asserted fraud.

2