# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8815 | **DATE** | 2/3/2004 |
| **CASE TITLE** | IFC Credit Corp. vs. B. Braun Medical, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. On or before February 17, 2004 IFC is ordered to file a suitable amendment to the FAC (not a self-contained Second Amended Complaint) that provides more specifics as to what provides IFC with the requisite successor-in-interest standing to assert its claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/3/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IFC CREDIT CORPORATION,        )
                               )
              Plaintiff,       )
                               )
        v.                     )   No. 03 C 8815
                               )
B. BRAUN MEDICAL, INC.,        )
                               )
              Defendant.       )

MEMORANDUM ORDER

Just after IFC Credit Corporation ("IFC") had filed its multicount Complaint against B. Braun Medical, Inc. ("Braun"), this Court issued a December 10, 2003 memorandum order sua sponte because of the patent insufficiency of IFC's fraud-based claims: their noncompliance with Fed. R. Civ. P. ("Rule") 9(b). Then before the outside due date established by that memorandum order for IFC's curative allegations in that respect, Braun filed a January 20 motion and supporting memorandum seeking the dismissal of IFC's Complaint under Rule 12(b)(6). At the previously-scheduled status hearing date the following week, this Court dealt with that motion orally, denying it in all but one respect:

  1. As to all but IFC's negligent misrepresentation claim under Illinois law, Braun's motion depended on its counsel's mistaken views as to the nature of the Rule 8(a) notice pleading regime and as to the standard applicable for Rule 12(b)(6) purposes.

  2. Because the negligent misrepresentation claim was

clearly foreclosed by Illinois caselaw, that portion of the Complaint (its Count II) was dismissed.

Now IFC has tendered a First Amended Complaint ("FAC") that has dropped the negligent misrepresentation claim and has fleshed out the fraud-based claims considerably. This Court will not now express any view as to the sufficiency of that effort, for Braun's counsel can be counted on to raise any claimed deficiencies in that regard. Instead this sua sponte memorandum order will focus on one facet of the FAC that, though it may pass muster (as did the same aspect of the original Complaint) in notice pleading terms, has been rendered troublesome by the newly detailed fraud-based allegations.

In this Court's oral ruling rejecting the bulk of Braun's dismissal motion, it ruled that IFC's "successor-in-interest" allegations (Complaint ¶¶15-16, now FAC ¶14) were adequate in notice pleading terms. At the same time, even though there is of course no requirement to plead evidence in federally-filed complaints, this Court could not help but be puzzled by the absence of any document, or any reference to a document, that created such successor-in-interest status. So far as the Complaint's documentation was concerned, the rights sought to be enforced by IFC were vested in Spectrum Medical Leasing, Inc. ("Spectrum") or Old Kent Financial Services Corporation ("Old Kent") in conformity with the "successors and assigns" provisions

2

of the two agreements involved. But nothing other than the barebones "successor-in-interest" allegations put IFC into the loop.

This Court of course continues to adhere to the basic principle that conclusions--including conclusions of law--are an integral part of the notice pleading regime (see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). But a red warning flag goes up (1) when the fleshed-out fraud claim (FAC Count III) is based upon allegations (see FAC ¶44) that Braun took wrongful actions "without IFC's knowledge or consent" or entered into side agreements "never disclosed or provided to IFC," with nothing being alleged as to any notice to Braun that IFC had indeed become a successor-in-interest, and (2) when none of the 11 exhibits attached to the FAC has any mention of IFC rather than Spectrum or Old Kent.

Under the circumstances IFC owes more to Braun and this Court than has been provided to date. On or before February 17, 2004 IFC is ordered to file a suitable amendment to the FAC (not a self-contained Second Amended Complaint) that provides more specifics as to what provides IFC with the requisite successor-in-interest standing to assert its claims.

                                          /s/ Milton I. Shadur
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: February 3, 2004